UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TALA SOLTANION, *et ano.*,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General,<br>U.S. Department of Justice, *et al.*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 08-1053 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNOPPOSED MOTION TO TRANSFER

Defendants, by and through their undersigned counsel, hereby move to transfer this action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a). Defense counsel has conferred with Plaintiff's counsel and has learned that Plaintiff does not oppose this Motion. A proposed order and memorandum of points and authorities are attached hereto.

Dated: August 15, 2008
       Washington, DC

                                    Respectfully submitted,


                                    _____
                                    JEFFREY A. TAYLOR, D.C. BAR #498610
                                    United States Attorney


                                         /s/
                                    _____
                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                    Assistant United States Attorney

- 2 -

        /s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TALA SOLTANION, *et ano.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-1053 (PLF) |
| ) | |
| MICHAEL B. MUKASEY, Attorney General, ) | |
| U.S. Department of Justice, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR UNOPPOSED MOTION TO TRANSFER**

Defendants Michael B. Mukasey, Attorney General, U.S. Department of Justice ("DOJ"); Michael Chertoff, Secretary, U.S. Department of Homeland Security ("DHS"); Jonathan Scharfen, Acting Director, U.S. Citizenship and Immigration Services ("USCIS"); Gregory Collett, District Director, USCIS, Baltimore District Office; Jane Arellano, District Director, USCIS, Los Angeles District Office; Robert Cowan, Director, USCIS, National Benefits Center; and Robert S. Mueller, Director, Federal Bureau of Investigation ("FBI") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of points and authorities in support of their Unopposed Motion to Transfer ("Motion"). For the reasons stated herein, the Court should transfer this action to the United States District Court for the District of Maryland ("DMD").

**PRELIMINARY STATEMENT**

Plaintiffs purport to bring this case to compel Defendants to adjudicate an immigration application and petition filed by Plaintiffs. Specifically, Plaintiffs seek to compel USCIS to adjudicate: (a) Plaintiff Mr. Nima Kazemi's I-130 petition seeking a visa for an alien relative --

*i.e.*, his wife, Plaintiff Ms. Tala Soltanion (the "Petition"); and (b) Ms. Soltanion's I-485 application to adjust to permanent resident status (the "Application"). In sum, Plaintiffs allege that the Defendants have failed to adjudicate the Petition and Application within a reasonable amount of time and seek an order from the Court compelling Defendants to complete adjudication of the Petition and Application. *See* Compl. at p.22, Prayer for Relief ¶ 3.

Although Plaintiffs initiated this action in this Court, venue is more appropriate in the DMD. The events giving rise to the Complaint and the processing of the Petition and Application have occurred in, or will occur in, the DMD -- principally at USCIS's Baltimore District Office. Additionally, Plaintiffs reside in Rockville, Maryland, which is located within the DMD. Accordingly, transfer is appropriate to the DMD.

## ARGUMENT

**I.    STANDARD OF REVIEW FOR A MOTION TO TRANSFER.**

Section 1404(a) of Title 28 of the U.S. Code permits the Court to transfer this case to "any other district or division where it might have been brought" for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In analyzing a motion to transfer, a court must first determine whether the action could have been brought in the district to which transfer is sought. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), *citing Van Dusen v. Barrack*, 376 U.S. 612, 613 (1964). The Court then must engage in a case-by-case analysis and balance the private interests of the parties and public interests such as efficiency and fairness. *Id.* at 29; *Al-Ahmed v. Chertoff*, --- F. Supp. 2d ---, 2008 WL 2718887, *3 (D.D.C. July 14, 2008) (Huvelle, J.) (transferring mandamus case regarding immigration applications to the U.S. District Court for the Eastern District of Virginia ("EDVA") when plaintiff and a defendant resided in the EDVA, and a majority of plaintiff's immigration applications were pending at the

Washington Field Office located within the EDVA); *Abusadeh v. Chertoff*, Civ. A. No. 06-2014 (CKK), 2007 WL 2111036, at *3 (D.D.C. July 23, 2007) (transferring mandamus case regarding immigration application to the U.S. District for the Southern District of Texas when plaintiff's immigration applications were pending at USCIS's Houston Field Office);

Further, in conducting its interests analysis, when venue is based solely on federal agency defendants' presence in Washington D.C., a court should carefully consider whether venue is proper. *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) (ordering transfer to Southern District of Indiana, holding "[c]ourts in this circuit must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere."). That close scrutiny has led courts in this District to invoke their transfer authority pursuant to 28 U.S.C. § 1404(a) and transfer cases to a district with a closer connection to the parties' dispute. *See, e.g., Al-Ahmed*, 2008 WL 2718887, at *3, *Abusadeh*, 2007 WL 2111036, at *6-*9.

Based upon this precedent, the Court should transfer this action to the DMD.

## II.  THE COURT SHOULD TRANSFER THE CASE TO THE DISTRICT OF MARYLAND.

This action could have been brought in the DMD and the interests weigh in favor of transfer.

### A.  This Action Could Have Been Brought in the DMD.

This case is governed by the general venue statute, 28 U.S.C. § 1391, which establishes default rules for venue that apply to federal lawsuits where the underlying statutes do not specify their own venue rules. *See* 28 U.S.C. § 1391(a), (b), and (e) (each applying "except as otherwise provided by law."). Section 1391 identifies three possible bases for venue for claims against

federal government officials or agencies: (1) where a defendant "resides;" (2) the district where "a substantial part of the events or omissions giving rise to the claim occurred;" or (3) where "the plaintiff resides, if no real property is involved in the action." 28 U.S.C. § 1391(e). Based upon this statute, Plaintiffs could have brought this case in the District of Maryland.

*First*, Plaintiffs reside in the District of Maryland. *See* Compl. at p.1.

*Second*, at least one Defendant resides in the DMD. "Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is where he performs his official duties." *See, e.g.*, *Nestor v. Hershey*, 425 F.2d 504, 521, n.22 (D.C. Cir. 1969) (internal quotation and citation omitted). As Plaintiffs themselves allege, "Defendant Gregory Collett is the District Director of the USCIS Baltimore District Office located in Baltimore, Md." *See* Compl. at ¶ 17. Consequently, Mr. Collett resides in the DMD in his official capacity, and thus, venue is proper there. *See Al-Ahmed*, 2008 WL 2718887, at *2 (finding that USCIS district director resides where her office is located for purposes of venue).

*Lastly*, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Maryland, as the Petition and Application are the responsibility of the Baltimore District Office located in Baltimore, Maryland. *See* Compl. at ¶¶ 19-20. In sum, the adjudications at issue in this action are the responsibility of USCIS staff located in the DMD, making venue proper in that court under 28 U.S.C. § 1391. *See Al-Ahmed*, 2008 WL 2718887, *2-3; *Abusadeh*, 2007 WL 2111036, at *6.

### B.     The Private Interests Favor Transfer to the DMD.

The private interests favor transfer to the DMD. The factors courts consider when assessing private interests in venue include: "(1) each party's choice of forum; (2) where the

claim arose; (3) the convenience of the parties; (4) the convenience of the witnesses, particularly if important witnesses may be unavailable to give live testimony in one of the trial districts; and (5) the ease of access to sources of proof." *Al-Ahmed*, 2008 WL 2718887, at *2, *citing Robinson v. Eli Lilly & Co.,* 535 F. Supp. 2d 49, 51 (D.D.C. 2008); *see also Abusadeh*, 2007 WL 2111036, at *4 (same). As Plaintiff does not oppose Defendants' this Motion to transfer this action to the DMD, there is no dispute in the parties' choice of forum. Moreover, for the reasons noted above, this action concerns delays in adjudicating the Application and the Petition, which are the responsibility of the Baltimore District Office.

        C.       **<u>Other Reasons Support Transfer of Venue to the DMD</u>**.

There are other reasons that support transfer of this case to the DMD. First, because this case involves activities taking place in Rockville and Baltimore, Maryland, there is local interest in resolving it there. *See Schmidt v. American Institute of Physics*, 322 F. Supp.2d 28, 36 (D.D.C. 2004) (holding that cases should be resolved in the locale in which they arise). Further, because the Baltimore District Office is located within the DMD, the DMD is a more convenient jurisdiction in which to litigate this case because the people directly responsible for adjudicating the Petition and Application, and the documents related to this case, are largely located within that district.

        D.       **<u>Transfer Would Serve the Public Interest.</u>**

The public interest also favors transfer. Public interest considerations on motions to transfer include: the transferee's familiarity with governing laws, relative congestion of the calendars of the potential transferee and transferor courts, and local interests in deciding local controversies at home. *See Abusadeh*, 2007 WL 2111036, at *4; *Al-Ahmed*, 2008 WL 2718887, at *2 (same). These factors also favor transfer. For example, the DMD has a local interest in resolving this local controvery at home. *See Abusadeh*, 2007 WL 2111036, at *8 ("superior

- 5 -

interest in addressing the instant controversy because there is a local interest in having localized controversies decided at home.") (quotations omitted); *Al-Ahmed*, 2008 WL 2718887, at *2 ("The local interest in resolving local disputes at home applies to controversies . . . *requiring judicial review of an administrative decision*.") (emphasis in original) (quotation omitted).

## CONCLUSION

For the foregoing reasons, this Court should transfer this action to the DMD.

Dated: August 15, 2008
     Washington, DC

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

       /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

       /s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TALA SOLTANION, *et ano.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )  Civil Action No. 08-1053 (PLF) <br> ) |
| MICHAEL B. MUKASEY, Attorney General, <br> U.S. Department of Justice, *et al.* | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Unopposed Motion to Transfer, and for good cause shown, it is hereby:

ORDERED that Defendants' Unopposed Motion is GRANTED, and it is further

ORDERED that this action is hereby TRANSFERRED to the United States District Court for the District of Maryland.

SIGNED:

_____         _____
Date                                                              PAUL L. FRIEDMAN
                                                                        United States District Judge

- 1 -